IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
NO. 7:14-CV-212-BO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| A 2004 PONTIAC GRAND PRIX GTP, | ) | |
| VIN: 2G2WR544541371339, | ) | |
| AND ANY AND ALL PROCEEDS FROM THE | ) | |
| SALE OF SAID PROPERTY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on plaintiff's motion for entry of default judgment pursuant to Federal Rule of Civil Procedure 55(b), which is ripe for adjudication. [DE 12]. For the reasons stated herein, the motion is granted.

## DISCUSSION

On September 29, 2014, the government filed a complaint for civil forfeiture *in rem* of a 2007 Pontiac Grand Prix GTP, VIN: 2G2WR544541371339 pursuant to 21 U.S.C. § 881(a)(4). Plaintiff alleges that the defendant vehicle was used to facilitate a violation of Title II of the Controlled Substances Act, 21 U.S.C. § 801 et seq., and as such, is subject to forfeiture to the United States. Default was entered by the Clerk of Court on August 7, 2015. [DE 15].

Federal Rule of Civil Procedure 55(b) provides for the court's entry of default judgment against defendants who have failed to plead or defend their case. In the civil forfeiture context, default judgment is permitted where no potential claimant has filed a response to the complaint. *See United States v. $3,500.00 in U.S.* Currency, No. 5:07-CV-312-F, 2008 WL 215807, at *1 (E.D.N.C. Jan. 24, 2008); *United States v. 47 W. Oakview Rd.*, No. 1:10-CV-88, 2011 WL

304972, at *1 (W.D.N.C. Jan. 28, 2011). Upon entry of default, the facts alleged by the plaintiff in its complaint are deemed admitted. *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). However, the Court decides whether those admitted facts actually support the claim alleged and the relief sought. *Id.*

Civil forfeiture complaints must "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." Supp. R. G(2)(f). At trial, the government must prove by a preponderance of the evidence that the defendant property is subject to forfeiture. 18 U.S.C. § 983(c). Thus, "the government must state sufficient facts to support a reasonable belief that it will be able to prove forfeitability by a preponderance of the evidence." *U.S. v. All Assets Listed*, Civil No. 1:14–cv–969, 2015 WL 1401747, *2 (E.D.Va. Mar. 25, 2015). The facts alleged in the complaint and the attached affidavit demonstrate that the defendant vehicle was being used to transport heroin in connection with several drug crimes. As discussed in the Court's August 6, 2015, Order granting plaintiff's motion for entry of default, no potential claimaint has filed an answer to the complaint. As such, the government has stated sufficient facts to support a reasonable belief that it would be able to prove that the vehicle was forfeitable, and the Court finds it proper to enter default judgment against the defendant in this case.

It is hereby ORDERED, ADJUDGED AND DECREED that:

1. Plaintiff's motion [DE 12] is granted and default judgment is entered against the defendant;
2. All persons claiming any right, title, or interest in or to the said Defendant currency are held in default;
3. The defendant is forfeited to the United States of America;

2

4. The United States Department of Justice is hereby directed to dispose of the defendant according to law.

The plaintiff's motion having been granted, the Clerk of Court is DIRECTED to close this case.

SO ORDERED, this 14 day of August, 2015.

*(signature)*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE